**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Martin, | No. CV-18-00027-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Weed Incorporated, et al., | |
| Defendants. | |

Pending before the Court is attorney Dennis Wilenchik's "Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant William Martin Without Consent" (Doc. 85), as well as a "Stipulated Motion to Vacate Hearing and Reschedule Within Two Weeks." (Doc. 86.) The Court will deny without prejudice both the pending Motion to Withdraw (Doc. 85) and the pending Stipulation to Vacate and Reschedule (Doc. 86).

On April 11, 2019, the Court set oral argument on cross-motions for partial summary judgment, to be held on May 16, 2019. (Doc. 56 and Doc 75.) On May 10, 2019, Plaintiff's attorney Dennis Wilenchik filed the instant Motion to Withdraw, seeking leave for his firm, Wilenchik & Bartness, to withdraw as attorneys of record. (Doc. 85.) Plaintiff has not consented to the withdrawal. (Doc. 85.) On May 14, 2019, Plaintiff's attorneys filed the instant Stipulation to vacate and reschedule oral argument. (Doc. 86.) The Stipulation states that Counsel for Defendant has agreed to vacate the hearing only if it is rescheduled within the next two weeks. (Doc. 86.)

**I.    Motion to Withdraw as Counsel for Plaintiff/Counter-Defendant (Doc. 85)**

Local Rule of Civil Procedure (LRCiv) 83.3(b) "sets forth the technical requirements for withdrawing as counsel of record in the District Court of Arizona." *Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010). An attorney of record may not withdraw "in any pending action except by formal written order of the Court, supported by written application setting forth the reasons therefore together with the name, last known residence and last known telephone number of the client." LRCiv 83.3(b). In addition, where, as here, the motion to withdraw "does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys." LRCiv 83.3(b)(2).

As an initial matter, counsel's Motion to Withdraw does not provide the "last known residence" of the client, as required by LRCiv 83.3(b), and instead provides only a post office box mailing address. (Doc. 85.) Because the Court rests its denial of counsel's motion on the discretionary factors discussed below, it is not necessary to determine here whether the omission of the client's "last known residence" should be excused in the instant case. *See Gagan v. Monroe*, No. CIV 99-1427-PHX-RCB, 2013 WL 1339935, at *4 (D. Ariz. Apr. 1, 2013) (granting motion of counsel to withdraw although it provided client's mailing address rather than the client's last known residence.)

Apart from the technical requirements of LRCiv 83.3, the Court in its discretion finds that withdrawal here would not be in the interests of justice as this time. "Factors that a district court should consider when ruling upon a motion to withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Gagan*, 2013 WL 1339935, at *4 (citing, *inter alia*, *Bohnert*, 2010 WL 5067695.)

Here, oral argument on the parties' motions for partial summary judgment has been set for several weeks. Plaintiff's attorneys seeking withdrawal briefed the Response in Opposition to Defendants' Motion for Partial Summary Judgment and Plaintiff's Cross

Motion for Partial Summary Judgment. (Doc. 75.) Indeed, Plaintiff's current counsel has represented Plaintiff since the underlying Complaint was filed on January 19, 2018. (Doc. 1.) The Court declines to authorize withdrawal now, with less than a week before argument on dispositive motions. The Court finds that withdrawal at this time would be unfairly prejudicial to Plaintiff, who has not consented to counsel's withdrawal, as well as unfairly prejudicial to Defendants and to the timely administration of justice. Moreover, counsel has not specified the reasons why withdrawal is sought, stating only that there is an impasse with the client but not specifying that the impasse is intractable or what steps have been taken to resolve it. (Doc 85.) The Motion to Withdraw will therefore be denied without prejudice and counsel may raise the issue again following oral argument.

**II.     Stipulated Motion to Vacate Hearing and Reschedule Within Two Weeks (Doc. 86)**

The Court finds that a two-week postponement would be insufficient for Plaintiff to find and retain replacement counsel and for such replacement counsel to then also prepare for oral argument on the pending motions for summary judgment. The Court will therefore deny the Stipulated Motion to Vacate and Reschedule. (Doc. 86).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's counsel's Motion to Withdraw as Counsel of Record for Plaintiff/Counter-Defendant (Doc. 85) is **denied without prejudice**. Counsel is granted leave to refile after the scheduled oral argument on the parties' cross-motions for summary judgment.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the Stipulated Motion to Vacate Hearing and Reschedule Within Two Weeks (Doc. 86) is **denied without prejudice**. Oral argument on the parties' motions for summary judgment remains scheduled for May 16, 2019 at 1:30 PM.

Dated this 14th day of May, 2019.

_____
Honorable Rosemary Márquez
United States District Judge